UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:06-CV-243-H

JOHN FORD, ANCILLARY                                                          PLAINTIFF
ADMINISTRATOR OF THE ESTATE OF
CHARLES M. JAYNE, Deceased

V.

RDI/CAESARS RIVERBOAT CASINO, LLC,
CAESARS RIVERBOAT CASINO, LLC,
AND
CAESARS INDIANA

                                                                              DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

Plaintiff, John Ford, brought this wrongful death action against Defendants, RDI/Caesars Riverboat Casino, LLC, Caesars Riverboat Casino, LLC, and Caesars Indiana (collectively referred to as "Defendants") on behalf of Charles Jayne ("Mr. Jayne"). Plaintiff alleges that Defendants improperly served alcohol to Carla Burkhead, who later struck Mr. Jayne's car, killing him.

Defendants now move for summary judgment on the grounds that the applicable statute of limitations bars this lawsuit. This motion requires the Court to determine the circumstances under which Kentucky law tolls the running of the statute of limitations as to a deceased's estate. This case presents unusual circumstances which make for a difficult analysis. However, in the end, the Court concludes that both the plain meaning of the Kentucky tolling statute and its purposes are served by commencing the statute upon the appointment of a personal representative in Indiana. Therefore, the statute of limitations will bar the instant claims.

I.

On September 8, 2004, Burkhead, a Kentucky resident, went to Defendants' casino. There the security cameras filmed her purchasing a cup of wine. Burkhead left Defendants' casino around 11 p.m. and began driving home. While on the way home, she crossed the center line of the road and struck the car driven by Mr. Jayne, also a Kentucky resident, killing him. Emergency services took Burkhead to Floyd Memorial Hospital where the police asked for a blood sample. The sample, taken approximately two hours after Burkhead left the casino, showed her blood alcohol concentration at 0.19%. Burkhead later plead guilty to charges of driving while intoxicated and causing a death.

The subsequent procedural history is both important and confusing. On September 15, 2004, Todd Jayne, decedent's son, filed a request with the Floyd County Indiana Circuit Court for appointment as Personal Representative of the Estate of Charles M. Jayne for the purpose of bringing a wrongful death action. On that same day, the state court granted that request and Todd Jayne filed a wrongful death action on behalf of Mr. Jayne's estate against Burkhead in Indiana state court.

Approximately seven months later, on April 27, 2005, the Plaintiff here, John Ford, filed a Petition for Appointment of Fiduciary with the Jefferson County District Court, Probate Division. On May 3, 2005, the Jefferson County District Court, Probate Division granted that petition. Eleven (11) months later, on April 28, 2006, Ford filed the present lawsuit in Jefferson Circuit Court on behalf of Mr. Jayne's estate in Kentucky against the Caesars entities.

Defendant quickly removed to this Court and moved to dismiss on the grounds of the absence of jurisdiction over Defendants, which were neither incorporated nor located in

Kentucky. Though Defendants raised substantial legal and factual arguments regarding the propriety of a lawsuit in Kentucky, the Court ultimately denied the motion, allowing Plaintiff to maintain its action against an Indiana corporation.

## II.

A threshold question here is which substantive law applies. Because the Court is siting in diversity, Kentucky's choice of law rules apply. *Anderson Dev. Co. v. Travelers Indem. Co.*, 49 F.3d 1128, 1131 (6th Cir.1995) (citations omitted). In applying Kentucky's choice of law principles, this Court has said, "[the] Court should apply an interest analysis to determine whether it can justify use of Kentucky's laws." *Rutherford v. Goodyear Tire and Rubber Co.*, 943 F.Supp 789, 792 (W. D. Ky. 1996). Kentucky requires more than just any contact with the state to justify the imposition of its laws. Instead, it requires the contact be significant. *Custom Products, Inc. v. Fluor Daniel Canada, Inc.*, 262 F.Supp. 2d 767, 773 (W.D. Ky. 2003).

While an Indiana corporation, Defendants have advertised in Kentucky, in an effort to persuade Kentucky residents to go to their casino. Burkhead was just such a Kentucky resident whom the Casino had enticed to go to Indiana. As the Court has said previously, Kentucky's tort laws "are intended to protect Kentucky residents and provide compensation when they are the injured party." *Custom Products, Inc. v. Fluor Daniel Canada, Inc.*, 262 F.Supp. 2d 767, 773 (W.D. Ky. 2003). Kentucky's strong interest in protecting its residents, combined with the significant contacts Defendants had with Kentucky residents, persuade the Court to apply Kentucky law in this case.

## III.

Defendants contend that Kentucky's one-year statute of limitations bars Plaintiff's suit

for wrongful death. Under Kentucky law, an action for wrongful death must be brought within one year of the decedent's death, except that "the action may be brought by his personal representative after the expiration of that time, if commenced within one year after the qualification of the representative." Ky. Rev. Stat. §§ 413.180, 413.140; *see also Conner v. Whitesides Co.*, 834 S.W. 2d 652, 654 (Ky. 1992). It appears clear that the Kentucky legislature intended that its wrongful death statute to stay the running of the statute until the appointment of a personal representative for the deceased. The legislature correctly judged that it is unfair for a statute to run while an estate is without a legal representative capable of acting on its behalf. As the Kentucky Supreme Court has said, "[t]he purpose of Ky. Rev. Stat. 413.180 is to allow time for the appointment of a personal representative and then to give that personal representative time to evaluate claims and determine whether to pursue those claims." *Conner*, 834 S.W. 2d at 654.

Under most state laws, once duly appointed, a personal representative is empowered with authority to make decisions and to act on behalf of a deceased and his estate. A complicating factor here is that two different persons at two different times qualified as personal representatives. Decedent died on September 8, 2004. The first, Todd Jayne, qualified in Indiana and filed an Indiana lawsuit on the deceased's behalf within a month of his death; a subsequent personal representative, Ford, qualified in Kentucky, seven months later and then waited another eleven (11) months to file this lawsuit on April 28, 2006. Under our circumstances, if Todd Jayne's Indiana appointment satisfies Kentucky's statutory requirement of the qualification of a personal representative, then the statute should bar this lawsuit. If not, then the current lawsuit is timely.

IV.

The Kentucky statute that authorizes personal representatives to bring a wrongful death action says, that such an action may be brought by a "personal representative ... if commenced within one year after the qualification of the representative." Plaintiff argues that the appointment of a personal representative in Indiana does not satisfy the Kentucky statute, because only a personal representative appointed under Kentucky law may represent an estate in a wrongful death action in Kentucky. *Siebenhar v. Wise*, 16 F.R.D. 479 (W.D. Ky. 1951). Defendants counter that appointment of an Indiana personal representative is sufficient.

To determine whether Todd Jayne qualified as a personal representative under the KRS 413.180 requires a two-step inquiry: 1) define a personal representative under Kentucky law and determine whether Todd Jayne fits that definition, and 2) determine whether Todd Jayne's appointment as a personal representative in Indiana meets the letter and intent of the Kentucky statute.

A.

KRS 413.180 does not expressly define a personal representative, nor does it state any residential requirements. The Kentucky statutes, however, do define a personal representative through the powers and responsibilities its statutes describe. These statutes list 22 powers of a personal representative, providing a de facto definition of a personal representative. *See* Ky. Rev. Stat. § 395.195. For instance, a personal representative may vote shares of stock, manage assets, abandon property, pay taxes, and perform decedent's contracts. *Id.* Furthermore, the list of those powers is not exhaustive. Ky. Rev. Stat. § 395.196. Among his powers, Kentucky law authorizes a personal representative to "[p]rosecute or defend claims, or proceedings in any

5

jurisdiction for the protection of the estate ..." Ky. Rev. Stat. § 395.195(19). The term is broadly inclusive and includes fiduciaries such as, "executors, administrators, administrators with the will annexed, testamentary trustees, curators, guardians and conservators." Ky. Rev. Stat. § 395.001. The statutes addressing the powers of the personal representatives make it clear that the defining aspect of a personal representative is that he is meant to look out for the interests of the deceased and manage the decedent's estate. Thus a personal representative is an individual with the power and duty to protect a decedent's estate.

Todd Jayne's appointment as personal representative in Indiana gave him similar powers and duties under that state's laws. Like Kentucky's, those laws allow a personal representative to maintain a cause of action for wrongful death. *See* Ind. Code § 34-23-1-1. For instance, both statutes allow the personal representatives to vote shares of stock, manage assets, abandon property, pay taxes, and perform decedent's contracts. Ind. Code §§ 29-1-10-12, 29-1-13-1, 29-1-13-13; Ky. Rev. Stat. § 395.195. Importantly, both may bring lawsuits on behalf of the estate they represent. The Indiana court appointed Todd Jayne a personal representative for the purpose of bringing such a wrongful death action. *See* Ind. Code § 29-1-10-18. Nothing in the Indiana statute prevents a duly appointed Indiana personal representative from taking any steps necessary to initiate a lawsuit in another state.[1]

From this comparison, it is apparent that the power of the personal representative in Indiana are entirely similar to those of a personal representative in Kentucky.

---

[1] Here, the personal representative in Indiana was limited to a specific purpose, namely bringing a wrongful death action. This type of action is also contemplated within the Kentucky statutes relating to personal representatives and is precisely the type of action brought in this case. The Court need not address whether a personal representative appointed for a limited purpose other than to file a wrongful death claim would trigger the running of the Kentucky wrongful death statute.

B.

Todd Jayne's appointment in Indiana empowered him to initiate a wrongful death action on behalf of the estate without any jurisdictional limitation. Ind. Code § 29-1-10-18. Nor does Ky. Rev. Stat. § 413.180 exclude a personal representative appointed in a foreign state from making the appropriate arrangements to bring suit within the state of Kentucky on the decedent's behalf. On the contrary, Ky. Rev. Stat. § 395.015 merely lays out the procedure by which a nonresident shall apply to become appointed as a personal representative in Kentucky. Under this analysis, after an Indiana court empowered Todd Jayne to act on behalf of his father's estate, he had met the precise statutory requirements which the Kentucky legislature required for the statute to commence running. One might argue, as Plaintiff does, that the legislature intended that a personal representative be appointed in Kentucky before the statute can begin. However, this argument requires reading too much into the statute. Most important, the actual language of the statute does not impose such a requirement. If the legislature intended a residential requirement, it could have easily said so.

To read such a requirement into the statute actually produces some absurd results. It would allow an out-of-state administrator or personal representative to extend the statute of limitations against a Kentucky citizen for a longer time than would otherwise be allowed to file against the citizens of any other state. Thus, such an interpretation would prejudice rather than benefit Kentucky citizens. Or, as here, it would allow the decedent's estate to extend the statute of limitations against the citizen of a foreign state who was always within the jurisdiction and power of the initial personal representative. In both circumstances, such a rule encourages the type of forum shopping which the statute was certainly not intended to allow.

C.

Neither party has brought any cases on point to the Court's attention, but the Court has found a few dealing with a similar or related issues. The Supreme Court of Virginia has held that the qualification of a foreign personal representative does not commence the running of a similar statute of limitations. *Harmon v. Sadjadi*, 639 S.E.2d 294 (Va. 2007). In *Harmon*, the court focused on the language of the statute and keyed on the word "qualification." To the *Harmon* court, qualification meant only those personal representatives qualified in Virginia. *Id*. at 301-02. This view, however, is too narrow to be applied to the Kentucky statute.[2] The *Harmon* rationale protects foreign personal representatives by shielding them from the dangers of idiosyncracies of state law. Some states allow nonresident personal representatives to bring wrongful death actions while others do not.[3] Thus *Harmon* prevents representatives who may be unfamiliar with local law from being harmed by their ignorance.

The purpose of the Kentucky statute is to protect decedent's estates, not personal representatives. A personal representative has the duty to investigate the potential claims of the estate, and to determine the actions necessary to bring those claims. Todd Jayne undertook that duty and actually did file a wrongful death claim against the most obvious defendant. At that time, he could have easily filed suit against Caesars or, within the statutory time, he might have

---

[2] The Court has found another case on its own that suggests a previous section of Ky. Rev. Stat. 413.180, which is no longer on the books, limits the statute to resident personal representatives. *Witherspoon v. Salm*, 346 S.W.2d 48 (Ky. 1961). However, there is no analysis, and the section of the statute the court references deals with the capacity to be sued, rather than the capacity to sue.

[3] *See e.g. Siebenhar v. Wise*, 16 F.R.D. 479 (W.D. Ky. 1951); *Burcl v. North Carolina Baptist Hospital, Inc.*, 293 S.E.2d 85 (N.C. 1982); *Harmon v. Sadjadi*, 639 S.E.2d 294 (Va. 2007)(requiring resident personal representative to bring a wrongful death action), *but cf. McCoy v. Raucci*, 239 A.2d 689 (Conn. 1968); *Barfield v. Schmon*, 537 So.2d 1056 (Fla. Dist. Ct. App. 4th Dist. 1989); *Blusy v. Rugh*, 476 N.E.2d 874 (Ind. Ct. App. 3rd Dist. 1985); *McClusky v. Rob San Servs., Inc.*, 443 F.Supp 65 (S.D. Ohio 1977); *Savilla v. Speedway Superamerica, LLC*, 639 S.E.2d 850 (W.Va. 2006) (allowing foreign personal representative to bring a wrongful death action).

amended this claim, or obtained counsel to commence a Kentucky lawsuit. Furthermore, Plaintiff's claim that a foreign personal representative does not have the power to bring a wrongful death lawsuit is undermined by the fact that Kentucky, unlike some states, has sanctioned the amendment of a wrongful death complaint and its relation back to the original complaint, even if at the time of the original complaint, the Plaintiff did not have the power to bring the action. *Sudderth v. White*, 621 S.W.2d 33, 36 (Ky. App. 1981). Thus Todd Jayne could have brought a wrongful death suit in Kentucky after his appointment as a personal representative in Indiana and then amended his complaint once he had been appointed a personal representative in Kentucky. This amendment could have even occurred *after* the statute of limitations had run. *Id.*

The Court rests its conclusion upon a precise reading of the statute, which does not specify the appointment of a Kentucky personal representative to begin the statute and upon understanding that the appointment of an out-of-state personal representative fully satisfies the purposes for which the statute was enacted. Also, there is no reason to toll the statute of limitations after a personal representative has been appointed, regardless of what jurisdiction appoints that representative. For all these reasons, the Kentucky statute of limitations bars subsequent claims filed by John Ford.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Defendants' motion to dismiss is SUSTAINED, and Plaintiff's claims are DISMISSED WITH PREJUDICE.

This is a final order.

cc: Counsel of Record